IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION
CIVIL ACTION #: 5:25-CV-12007-MGL

| | |
|---|---|
| Eric Bland, <br><br>　　　　　　　　　Plaintiff, <br><br> vs. <br><br> Christopher Shelton Davis & C&K Trucking LLC., <br><br>　　　　　　　　　Defendants. | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF REMAND** |

## INTRODUCTION

Plaintiff Eric Bland moves this Court for an order remanding this matter to state court. Defendant Christopher Shelton Davis is a South Carolina citizen, precluding removal. *See* 28 U.S.C. § 1441(b)(2) (precluding removal based on diversity jurisdiction when any defendant "is a citizen of the State in which such action is brought"). Thus, remand is proper.

## PROCEDURAL HISTORY

This case is a personal injury action arising from a motor vehicle crash. On March 7, 2025, Defendant Christopher Davis crashed a tractor-trailer into Bland's vehicle and forced Bland's vehicle into the guardrail. (*See* ECF # 1-1, Summons and Complaint, at ¶¶ 8–14). At the time of the crash, Defendant C&K Trucking LLC operated the tractor-trailer as a "for-hire" motor carrier with Defendant Davis as its agent. (*See* ECF # 1-1 at ¶¶ 2–5). Defendant Christopher Davis is a citizen and resident of Berkeley County, South Carolina. (*See* ECF # 1-1 at ¶ 2; *see also* ECF # 10 at 3 ("Christopher Shelton Davis is a resident and citizen of the state of the South Carolina.")).

On June 5, 2025, Bland filed this action in the Orangeburg County Court of Common Pleas. (*See generally* ECF # 1-1). Bland alleged negligence and negligence *per se* against Defendant Davis. (*See* ECF # 1-1 at ¶¶ 15–28). Bland asserted claims of vicarious liability against C&K Trucking based

1

on Defendant Davis's alleged negligence, as well as several theories of direct negligence. (*See* Complaint ¶¶ 29–46). On June 23, 2025, Bland served Defendant C&K Trucking at its Illinois address. (*See* **Exhibit A**, State Court Affidavit of Service on C&K Trucking; *see also* ECF # 10 at ¶ 1). On June 25, 2025, Bland served Defendant Davis at his Berkeley County address. (*See* **Exhibit B,** State Court Affidavit of Service on Davis; *see also* ECF # 10 at ¶ 1).

On June 27, 2025, Defendants jointly filed an answer in State Court. (*See* ECF # 1-2). On the same day, Defendants served discovery requests to Bland. (*See* **Exhibit C**, Defendants' Joint Discovery Requests). On September 3, 2025, after receiving Bland's discovery responses, Defendants filed a Notice of Removal to this Court. (*See generally* ECF # 1). In their filing, Defendants rely exclusively on 28 U.S.C. section 1332 as the basis for subject matter jurisdiction. (ECF # 1 at ¶ 2).

## LEGAL STANDARD

"A civil action otherwise removeable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b)(2). This "forum-defendant rule" precludes removal based solely on diversity jurisdiction "to instances where no defendant is a citizen of the forum state." *Kickin' Chicken, LLC v. TFD, Inc.*, No. 9:22-CV-00013-RMG, 2022 WL 682403, at * 2 (D.S.C. Mar. 4, 2022).

## ARGUMENT

**I.     The Forum-Defendant rule is a complete bar to Defendants' removal.**

Defendants invoke only this Court's diversity jurisdiction pursuant to 28 U.S.C. section 1332. (*See* ECF # 1 at ¶ 2). Indeed, Plaintiff's complaint does not raise a federal question, *cf. Ford v. Washam*, No. CV 5:23-04719-MGL, 2024 WL 340788, at *2 (D.S.C. Jan. 30, 2024) (noting, upon review of a substantially similar complaint, that "federal question jurisdiction appears to be non-existent here"), and thus this action is removeable solely on the basis of diversity jurisdiction. Defendant Davis is a

citizen of South Carolina who was properly joined and served at the time Defendants attempted their removal. (*See* ECF # 10 at ¶ 3 ("Christopher Shelton Davis is a resident and citizen of the state of the South Carolina.")). The forum-defendant statute plainly precludes Defendants' removal, and this Court should thus remand the case to state court.

## II.     Defendant Davis was properly joined and served, making "snap removal" inapplicable.

Defendants cannot even avail themselves of the "snap removal" doctrine, where some District Courts permit forum defendants to remove a case before being served because such pre-service removal "is in keeping with the literal language of the statute." *See Kickin' Chicken*, 2022 WL 682403, at *2–3 (collecting cases and noting that "District Courts within the Fourth Circuit are similarly split on the issue"). Here, Defendants do not dispute service on Defendant Davis—nor could they. (*See, e.g.*, ECF # 10 at ¶ 1 (stating the date on which Defendant Davis was served)). Even if there were a problem with the service on Defendant Davis, Defendants did not raise that as a defense in their Answer, (*see generally* ECF # 1-2), nor did they file a separate pre-answer motion raising other Rule 12(b) defenses. Thus, Defendants have not disputed the propriety of service on Defendant Davis.

Neither did Defendants file their Notice of Removal until after Defendants jointly served discovery requests in the underlying action. (*See* **Exhibit C**, Defendants' Joint Discovery Requests). Under South Carolina law, a "[v]oluntary appearance by [a] defendant is equivalent to personal service." Rule 4(d), South Carolina Rules of Civil Procedure. A defendant voluntarily appears by "demonstrat[ing] an intent to submit to the court's jurisdiction." *Stearns Bank Nat. Ass'n v. Glenwood Falls, LP*, 644 S.E.2d 793, 796 (Ct. App. 2007); *see also Jenkinson v. Murrow Bros. Seed Co.*, 249 S.E.2d 780, 783 (Ness, J., concurring) (holding that a party waives the right to contest jurisdiction when its conduct "evince[s] an intent to proceed to the merits of the case"). Defendant Davis's service substantive discovery requests demonstrates an intent to use and submit to the state court's

3

jurisdiction—Defendant Davis voluntarily appeared in the state court action. Defendants' attempt at removal took place only after this voluntary appearance, when Defendant Davis was properly joined and served. Thus, Defendants' removal is improper, and this case should be remanded to State Court.

## CONCLUSION

The presence of a properly joined and served forum defendant—Defendant Davis—precludes removal of this case based on the plain reading of 28 U.S.C. section 1441(b)(2). Plaintiff respectfully requests that the Court remand this matter to state court.

        **MORGAN & MORGAN, P.A.**

        By: /s/Jonathan D. Graham
        Jonathan D. Graham
        Federal Bar # 13969
        E-Mail: jgraham@forthepeople.com
        4401 Belle Oaks Drive, Suite 300,
        North Charleston, SC 29405
        (843) 947-6063
        *Attorney for Plaintiffs*

October 3, 2025.
Charleston, SC