| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | **IN THE COURT OF COMMON PLEAS** |
| ) | |
| **COUNTY OF ORANGEBURG** ) | **THE FIRST JUDICIAL CIRCUIT** |

| | |
|---|---|
| **Eric Bland,** ) | **Civil Action No.: 2025CP3800766** |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **DEFENDANTS CHRISTOPHER SHELTON** |
| ) | **DAVIS AND C AND K TRUCKING, LLC.'S** |
| ) | **ANSWER TO PLAINTIFF'S SUMMONS** |
| **Christopher Shelton Davis and C and** ) | **AND COMPLAINT** |
| **K Trucking, LLC.,** ) | |
| ) | |
| **Defendants.** ) | |

      **COMES NOW,** the Defendants, Christopher Shelton Davis and C and K Trucking, LLC., by and through their undersigned attorneys, answering the Summons and Complaint of the Plaintiff herein, would respectfully show unto this honorable Court:

### FOR A FIRST DEFENSE

      1.    Each and every allegation of the Plaintiff's Complaint not specifically admitted herein is denied.

      2.    Lacks sufficient knowledge and information to form a belief as to the allegations in Paragraphs 1 and 2 and thereby deny the same.

      3.    Admits so much of Paragraph 3, which alleges that C and K Trucking, LLC., is incorporated and has its principal place of business in a state other than South Carolina. Lacks sufficient knowledge and information to form a belief as to the remaining allegations of Paragraph 3 and thereby deny the same.

      4.    Lacks sufficient knowledge and information to form a belief as to the allegations in Paragraph 4, 5, 6, 7, and 8 and thereby deny the same.

5.        Admits, upon the information to form a belief as to the allegations in Paragraph 9.

6.        Lacks sufficient knowledge and information to form a belief as to the allegations in Paragraphs 10 and 11 and thereby deny the same.

7.        Deny the allegations in Paragraphs 12, 13, 14, and 15 and demand strict proof thereof.

8.        The Defendants would show that their duties are prescribed by and in accordance with the laws of the State of South Carolina and to the extent the allegations in Paragraph 16 are inconsistent therewith, hereby deny the same.

9.        Deny the allegations in Paragraphs 17, 18, 19, 20, and 21 and demand strict proof thereof.

10.       Deny the allegations in Paragraph 22.

11.       The Defendants would show their duties are prescribed by and in accordance with the laws of the State of South Carolina and to the extent the allegations in Paragraph 23 are inconsistent therewith, hereby deny the same.

12.       Deny the allegations in Paragraphs 24, 25, 26, 27, 28, and 29 and demand strict proof thereof.

13.       Lacks sufficient knowledge and information to form a belief as to the allegations in Paragraphs 30 and 31 and thereby deny the same.

14.       Deny the allegations in Paragraphs 32, 33, 34, 35, 36, 37, 38, and 39 and thereby deny the same.

15.       Lacks sufficient knowledge and information to form a belief as to the allegations in Paragraph 40 and thereby deny the same.

16.    Defendants' duties are prescribed by and in accordance with the laws of the State of South Carolina and to the extent the allegations in Paragraph 41 are inconsistent therewith, hereby deny the same.

17.    Deny the allegations in Paragraphs 42, 43, 44, 45, and 46 and thereby deny the same.

### FOR A SECOND DEFENSE
**(Failure to State Claim)**

18.    The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

19.    The Defendants would show that the Plaintiff's Complaint fails to state a claim upon which relief can be granted, and, therefore, should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

### FOR A THIRD DEFENSE
**(Comparative Negligence)**

20.    The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

21.    The Defendants would show that such injuries or losses that Plaintiff sustained, if any, were due to and caused by the sole negligence, gross negligence, willfulness, wantonness, carelessness and recklessness of the Plaintiff, combining, concurring and contributing with the negligence, if any, on the part of these Defendants, to such a degree that Plaintiff's recovery is barred by the doctrine of comparative negligence in South Carolina.

### FOR A FOURTH DEFENSE
**(Sudden Emergency)**

22.    The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

23.     Even assuming Defendants were negligent in any respect, which is expressly denied, these Defendants would show that the Plaintiff's injuries or losses were the result of and reaction to a sudden emergency over which Defendants had no control and, therefore, Plaintiff's action is barred.

### FOR A FIFTH DEFENSE
**(Assumption of the Risk)**

24.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

25.     The Defendants would show that the Plaintiff knew of the probable risk of injury or harm resulting from Plaintiff's actions, and therefore, the Defendants would plead the doctrine of assumption of the risk as a complete bar to this action.

### FOR A SIXTH DEFENSE
**(Unavoidable Accident)**

26.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

27.     The Defendants would show that such injuries or losses that the Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by the negligence on the part of the Defendants but was rather due to and caused by an unavoidable accident, thereby barring any claim whatsoever.

### FOR A SEVENTH DEFENSE
**(Intervening or Superseding Negligence)**

28.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

29.     The Defendants would show that such injuries or losses that Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by any negligence on the part of the Defendants, but were rather due to and caused by the contributing, concurring, intervening or superseding fault, breach of warranty or act or omission of a third party, over which these Defendants had no control.

### FOR AN EIGHTH DEFENSE
**(Waiver and Estoppel)**

30.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

31.     The Defendants would show that Plaintiff's Complaint is barred by the doctrine of waiver and estoppel.

### FOR A NINTH DEFENSE
**(Spoliation)**

32.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

33.     The Defendants would show that Plaintiff's Complaint is barred by the doctrine of spoliation.

### FOR A TENTH DEFENSE
**(Punitive Damages)**

34.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

35.     The Defendants allege that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the jury's unfettered power to award punitive damages in any

amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

36.    The Defendants allege that the Plaintiff's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the South Carolina Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

37.    The Defendants allege that the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of these Defendants.

38.    The Defendants allege that the Plaintiff's claim of punitive damages violates the doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

39.    Defendants would show, upon information and belief, that the Plaintiff's claim for punitive Damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Defendants could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Defendants can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates Defendants' right to access the courts as

guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills these Defendants' exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

40.    Defendants plead all applicable statutory caps on punitive damages, including but not limited to the caps described in S.C. Code Ann. § 15-32-530, *et seq.*, as amended.

### FOR AN ELEVENTH DEFENSE
### (Improper Venue)

41.    The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

42.    Defendant pleads the defense of improper venue in the County of Charleston, State of South Carolina.

**WHEREFORE**, having fully answered, the Defendants pray that the Plaintiff's Complaint be dismissed with costs, for attorney's fees and such other and further relief this Court deems just and proper.

The Defendants demand a jury trial.

~Signature page to follow~

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

Mark S. Barrow, Esquire (S.C Bar No.: 7821)
Adam M. Crain, Esquire (S.C. Bar No.: 104620)
1515 Lady Street
Post Office Box 12129
Columbia, South Carolina 29211
(803) 256-2233

**ATTORNEYS FOR DEFENDANTS
CHRISTOPHER SHELTON DAVIS AND C
AND K TRUCKING, LLC.**

Columbia, South Carolina

June 27, 2025

## CERTIFICATE OF SERVICE

I, Melissa B. Cranford, the undersigned legal assistant of the law offices of Sweeny, Wingate & Barrow, P.A., attorneys for Defendants, Christopher Shelton Davis and C and K Trucking, LLC., do hereby certify that I have served a copy of the foregoing Answer in connection with the above-referenced case by mailing and emailing a copy of the same by United States Mail, postage prepaid and by electronic mail, to the following address:

> Jonathan D. Graham
> Morgan & Morgan
> 4401 Belle Oaks Drive, 3rd Floor
> North Charleston, SC 29405
> jgraham@forthepeople.com

> Attorney for Plaintiff Eric Bland

_Melissa B. Cranford_
Melissa B. Cranford

Columbia, South Carolina

June 27, 2025

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | **IN THE COURT OF COMMON PLEAS** |
| ) | |
| **COUNTY OF ORANGEBURG** ) | **THE FIRST JUDICIAL CIRCUIT** |

| | |
|---|---|
| **Eric Bland,** ) | **Civil Action No.: 2025CP3800766** |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **DEFENDANTS CHRISTOPHER SHELTON** |
| ) | **DAVIS AND C AND K TRUCKING, LLC.'S** |
| ) | **FIRST SET OF INTERROGATORIES TO** |
| ) | **PLAINTIFF** |
| ) | |
| **v.** ) | |
| ) | |
| **Christopher Shelton Davis and C and** ) | |
| **K Trucking, LLC.,** ) | |
| ) | |
| **Defendants.** ) | |

**TO:     JONATHAN D. GRAHAM, ESQUIRE, ATTORNEY FOR THE PLAINTIFF AND
TO THE PLAINTIFF ABOVE-NAMED:**

**YOU ARE HEREBY SERVED** the following written Interrogatories on behalf of the

Defendants, Christopher Shelton Davis and C and K Trucking, LLC., to be answered separately and

in writing by the Plaintiff, within thirty (30) days after the service hereof under the provisions of

Rule 33 of the Rules of Civil Procedure.

1.       Give the names, addresses and telephone numbers of persons known to the Plaintiff

or counsel to be witnesses concerning the facts of the case and indicate whether or not written or

recorded statements have been taken from the witnesses and indicate who has possession of such

statements.

2.       For each person known to the Plaintiff or counsel to be a witness concerning the

facts of the case, set forth either a summary sufficient to inform the Defendants of the important

facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

     3.     Set forth a list of photographs, plats, sketches, videos or other prepared documents and/or material in possession of the Plaintiff that relate to the claim or defense in the case.

     4.     Set forth the names and addresses of all physicians who have treated the Plaintiff and all hospitals to which the Plaintiff has been admitted in connection with said injuries and also set forth a statement of all medical costs involved.

     5.     Set forth the names and addresses of all insurance companies which have the coverage (i.e. health and/or accident), related to the claim and set forth the number or numbers of the policies involved and the amount or amounts of coverage provided in each policy.

     6.     Set forth an itemized statement of all damages, exclusive of pain and suffering, claimed to have been sustained by the Plaintiff.

     7.     List the names and addresses of any expert witness(es) the Plaintiff proposes to use at the trial of the case and a complete summary of the testimony expected from the witness(es).

     8.     Does Plaintiff now, or has he ever, received disability benefits, any income, pension benefits, or workers' compensation from any state or federal government agency, any persons, employers or insurers?  If so, please state:

          (a)     The nature of such payments;

          (b)     The dates Plaintiff received such payments;

          (c)     The source, by name and address, of such payments;

          (d)     The injuries or disabilities entitling Plaintiff to such payments;

          (e)     Whether Plaintiff has any present disability which is, in whole or in part, attributable to such prior injuries or disabilities, and whether such

2

disabilities, and whether such disabilities, if any, existed at the time of the
incident alleged in the Complaint.

9.     State whether or not the Plaintiff consumed alcoholic beverages of any type, or
consumed any type of medication or drugs within the forty-eight (48) hours immediately preceding
the incident referred to in the Complaint.  As to the medication, state the name, amount, frequency
and the physicians, if any, who prescribed such medication.

10.    Describe in detail what effects, if any, Plaintiff's injuries have had upon his daily
activities including, but not limited to, his ability to perform tasks associated with Plaintiff's
employment.

11.    Has the Plaintiff ever been involved in any other legal actions, either as a Plaintiff or
a Defendant?  If so, give the nature of the action, resolution of the action, and counsel of record.

12.    List with specificity any serious illnesses or injuries sustained by the Plaintiff which
resulted in medical treatment or hospitalization, providing the dates of hospitalization, nature of
illness or injury, and treating physician.

13.    If the Plaintiff has a prescription for corrective lenses, state how long the Plaintiff
has been required to wear prescription lenses and the names and addresses of the Plaintiff's
optometrist/ophthalmologist who diagnosed the prescription.

14.    Please state the date Plaintiff has had eye examinations for the past five (5) years and
the names and addresses of the optometrist/ophthalmologist who performed such examinations.

15.    Please state the rate of speed Plaintiff was traveling at the time of the accident
referred to in the Complaint.

16.    Please state Plaintiff's destination at the time of the accident referred to in the
Complaint.

3

17.    Has Plaintiff ever previously suffered any type of injury either prior to or following the accident referred to in the Complaint.

18.    Please provide the following regarding the Plaintiff, and any other passenger(s) in the vehicle at the time of the accident:

     (a)    Date of Birth;

     (b)    Social Security Number;

     (c)    Driver's License Number;

     (d)    State in which Driver's License is issued;

     (e)    Any name used in the past by the Plaintiff and/or passenger(s) besides the name currently listed on the Driver's License (i.e., maiden name, prior name before a name change, etc.).

These Interrogatories shall be deemed continuing so as to require supplemental answers if Plaintiff or Plaintiff's attorneys obtain further information between the time answers are served and the time of trial.

~Signature page to follow~

4

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

Mark S. Barrow, Esquire (S.C Bar No.: 7821)
Adam M. Crain, Esquire (S.C. Bar No.: 104620)
1515 Lady Street
Post Office Box 12129
Columbia, South Carolina 29211
(803) 256-2233

**ATTORNEYS FOR DEFENDANTS
CHRISTOPHER SHELTON DAVIS AND C
AND K TRUCKING, LLC.**

Columbia, South Carolina

June 27, 2025

## CERTIFICATE OF SERVICE

I, Melissa B. Cranford, the undersigned legal assistant of the law offices of Sweeny, Wingate & Barrow, P.A., attorneys for Defendants, Christopher Shelton Davis and C and K Trucking, LLC., do hereby certify that I have served a copy of the foregoing Interrogatories in connection with the above-referenced case by mailing and emailing a copy of the same by United States Mail, postage prepaid and by electronic mail, to the following address:

> Jonathan D. Graham
> Morgan & Morgan
> 4401 Belle Oaks Drive, 3rd Floor
> North Charleston, SC 29405
> jgraham@forthepeople.com
>
> Attorney for Plaintiff Eric Bland

Melissa B. Cranford

Columbia, South Carolina

June 27, 2025

STATE OF SOUTH CAROLINA    )   IN THE COURT OF COMMON PLEAS

COUNTY OF ORANGEBURG    )   THE FIRST JUDICIAL CIRCUIT

| | | |
|---|---|---|
| Eric Bland, | ) | Civil Action No.: 2025CP3800766 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANTS CHRISTOPHER SHELTON** |
| | ) | **DAVIS AND C AND K TRUCKING, LLC.'S** |
| | ) | **FIRST SET OF REQUESTS TO PRODUCE** |
| | ) | **TO PLAINTIFF** |
| v. | ) | |
| | ) | |
| Christopher Shelton Davis and C and | ) | |
| K Trucking, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

**TO:**    **JONATHAN D. GRAHAM, ESQUIRE, ATTORNEY FOR THE PLAINTIFF AND TO THE PLAINTIFF ABOVE-NAMED:**

**YOU ARE HEREBY SERVED** the following Requests, pursuant to Rule 34 of the <u>South Carolina Rules of Civil Procedure</u>, that Plaintiff, produce and permit inspection, copying, and/or photographing.

<u>**DEFINITIONS**</u>

The term "documents" or "things" means all writing of any kind, including the originals and all nonidentical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers; notations of any sort of conversations, telephone calls, meetings, or other communications; bulletins, printed matter, computer printouts, teletypes, telefax, invoices, worksheets, and all drafts,

alterations, modifications, changes, and amendments of any of the foregoing graphic or aural records; or representations of any kind, including without limitation, photographs, charts, microfilm, videotape, recordings, and motion pictures, and electronic, mechanical, or electrical records or representations of any kind, including, without limitation, tapes, cassettes, discs, or other records.

The term "all documents" means every document as above defined known to Plaintiff, Plaintiff's agents or counsel, and each document which can be located or discovered by reasonably diligent efforts.

## REQUESTS TO PRODUCE

1.     All medical reports, bills, hospital records or any other bills, reports or records relating to any alleged personal injury.

2.     All repair bills, estimates, reports, or other written or printed documents relating to any claimed damage to personal or real property.

3.     All statements or any other written or printed documents concerning any claims for lost wages, income or for any other damages allegedly resulting from the incident as set forth in the Complaint.

4.     All photographs, diagrams, drawings, or other similar material relating to the claims set forth in the Complaint.

5.     All statements of possible witnesses, whether written, oral, summarized, or otherwise reproduced in any manner, relating to the incident as set forth in the Complaint.

6.     All tax returns, both Federal and State returns, for the five (5) years preceding the incident set forth in the Complaint as well as any returns made subsequent to the incident set forth in the Complaint.

7.     Any other documents or materials which you intend to introduce in the trial of this case.

8.     Copy of Plaintiff's cell phone records for the month preceding the accident and one month after the accident.

9.     Copy of Plaintiff's vehicle tax payment receipts for all vehicles owned by the Plaintiff at the time of this accident.

10.     Copy of Plaintiff's automobile insurance policy(ies) in effect at the time of this accident.

If you contend that any item need not be produced, identify such item and set forth the basis for your failure to produce same.

Production should be made within thirty (30) days after the date of service of this Request to the office of Sweeny, Wingate & Barrow, 1515 Lady Street, Columbia, South Carolina. Visual inspection and copies may be made of any and all of the documents. Respectfully submitted,

SWEENY, WINGATE & BARROW, P.A.

Mark S. Barrow, Esquire (S.C Bar No.: 7821)
Adam M. Crain, Esquire (S.C. Bar No.: 104620)
1515 Lady Street
Post Office Box 12129
Columbia, South Carolina 29211
(803) 256-2233

ATTORNEYS FOR DEFENDANTS
CHRISTOPHER SHELTON DAVIS AND C
AND K TRUCKING, LLC.

Columbia, South Carolina

June 27, 2025

3

## CERTIFICATE OF SERVICE

I, Melissa B. Cranford, the undersigned legal assistant of the law offices of Sweeny, Wingate & Barrow, P.A., attorneys for Defendants, Christopher Shelton Davis and C and K Trucking, LLC., do hereby certify that I have served a copy of the foregoing Requests to Produce in connection with the above-referenced case by mailing and emailing a copy of the same by United States Mail, postage prepaid and by electronic mail, to the following address:

> Jonathan D. Graham
> Morgan & Morgan
> 4401 Belle Oaks Drive, 3rd Floor
> North Charleston, SC 29405
> jgraham@forthepeople.com
>
> Attorney for Plaintiff Eric Bland

Melissa B. Cranford

Columbia, South Carolina

June 27, 2025

4